FILED '08 JAN 30 12:18 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNESTO PEREZ,                                  Civ. No. 07-6296-AA

        Plaintiff,                      OPINION AND ORDER

    v.

NIKE, INC. an Oregon
corporation,

        Defendant.
_____

Kevin T. Lafky
Larry L. Linder
Haley Percell
Laftky & Lafky
429 Court Street NE
Salem, OR 97301
    Attorneys for plaintiff

Amy Joseph Pedersen
Katherine K. Rosenbaum
Stoel Rives
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Following his termination of employment by defendant, plaintiff filed suit alleging: race and national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and Or. Rev. Stat. § 659A.030(1); disability discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. § 12112 and Or. Rev. Stat. § 659A.112; violations of the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) and the Oregon Family Leave Act, Or. Rev. Stat. § 659A.153; and common law claims for intentional and reckless infliction of emotional distress. Currently before the court is defendant's Motion to Dismiss plaintiff's sixth and seventh claims for relief alleging reckless and intentional infliction of emotional distress. Defendant's motion is granted.

## I.  BACKGROUND

For the purposes of this motion, the court accepts the allegations of plaintiff's complaint as true.

Plaintiff is a Hispanic male of Mexican national origin. Plaintiff's primary language is Spanish, although he speaks some English, and he occasionally requires an interpreter.

Plaintiff was hired by defendant in May 2000 as a material handler and worked in that capacity until his termination on or about March 10, 2006. Plaintiff claims to be disabled due to an on-the-job back injury.

Plaintiff alleges that defendant engaged in discriminatory and retaliatory conduct against him by: refusing his requests for

2 - OPINION AND ORDER

assistance from an interpreter; stating to another Hispanic employee, in plaintiff's presence, that the employee did not speak English and "shouldn't be here"; verbally abusing plaintiff and pressuring him to return to work when he sought family leave to tend to his injured son; disciplining plaintiff for taking family leave without one week's notice to care for his newborn baby; disciplining plaintiff for making a doctor's appointment – in response to a supervisor's request for a doctor's note – without giving one week's notice; threatening and harassing plaintiff when he missed work due to illness or when he complained about his back injury; and refusing to accommodate restrictions associated with plaintiff's injury.

Plaintiff further claims that he was treated differently from similarly situated employees with respect to attendance, sick leave, breaks, and disciplinary policies. Finally, plaintiff claims that he complained to defendant's human resources department about the harassing and disparate treatment, but that the conduct worsened.

On March 10, 2006, defendant terminated plaintiff's employment, stating that plaintiff had mis-timed his break periods by one to three minutes.

## II. DISCUSSION

Defendant moves to dismiss plaintiff's claims of intentional and reckless infliction of emotional distress. Pursuant to Rule 12(b)(6), dismissal of an action is permitted for "failure to state a claim upon which relief can be granted[.]" When ruling on such

3 - OPINION AND ORDER

a motion, the court must accept all facts alleged in a well-pleaded complaint as true and construe them in a light most favorable to the plaintiff. See Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003) (citing Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001)).

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A federal claimant is not required to detail factual allegations supporting claims for relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 (a plaintiff must allege more than "labels and conclusions, and a formulaic recitation of the elements in a cause of action will not do").

## A. Intentional Infliction of Emotional Distress

Defendant argues that plaintiff's intentional infliction of emotional distress claim should be dismissed because the complaint does not allege conduct that was an extraordinary transgression of the bounds of socially tolerable conduct under Oregon law. I agree.

To establish a claim for IIED, a plaintiff must show that: 1) defendant intended to cause plaintiff severe emotional distress or knew with substantial certainty that the conduct would cause such distress; 2) defendant's conduct extraordinarily transgressed the bounds of socially acceptable behavior; and 3) plaintiff in fact suffered severe emotional distress. McGanty v. Staudenraus, 321 Or. 532, 550, 901 P.2d 841, 853 (1995); Checkley v. Boyd, 198 Or.

4 - OPINION AND ORDER

App. 110, 124, 107 P.3d 651 (2005).

It is well established in Oregon that the tort of IIED "does not provide recovery for the kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life." Hetfeld v. Bostwick, 136 Or. App. 305, 308, 901 P.2d 986 (1995). Rather, the conduct must be "outrageous in the extreme." Id.; see also Watte v. Edgar Maeyans, Jr., M.D., P.C., 112 Or. App. 234, 239, 828 P.2d 479 (1992) (accusing employees of being liars and saboteurs did not support claim for IIED); Snyder v. Sunshine Dairy, 87 Or. App. 215, 217-218, 742 P.2d 57 (1987) (allegations that employer publicly ridiculed plaintiff and unjustly criticized work performance did not rise to the level of intolerable conduct).

Here, plaintiff alleges that defendant occasionally denied him the services of an interpreter, insulted another Hispanic employee in his presence, subjected plaintiff to "verbal abuse" and/or disciplinary measures when he requested family leave and accommodations for his back injury, treated plaintiff differently from similarly-situated employees, and failed to remedy harassing conduct after plaintiff complained about it. Even if plaintiff's allegations are true, defendant's actions do not rise to the level of conduct that "extraordinarily" transcends the boundaries of socially acceptable behavior under Oregon law. Rather, defendant's alleged conduct is akin to conduct that Oregon courts have found insufficient to support an IIED claim. See Wheeler v. Marathon Printing, 157 Or. App. 290, 307-08, 974 P.2d 207 (1998) (holding

5 - OPINION AND ORDER

that the defendant's alleged failure to respond to claims of harassment was insufficient to support an IIED claim); <u>Snyder</u>, 87 Or. App. at 217-218, 742 P.2d 57. Accordingly, defendant's motion to dismiss plaintiff's claim for intentional infliction of emotional distress is granted.

B. Reckless Infliction of Emotional Distress

Defendant argues that the reckless infliction of emotional distress claim should be dismissed because it is not cognizable as a cause of action in Oregon when based on an employee-employer relationship. Alternatively, defendant argues that plaintiff fails to allege sufficiently outrageous conduct. I agree that the facts alleged by plaintiff do not allow for recovery under a RIED claim.[1]

A plaintiff may recover for RIED damages under three specific circumstances in Oregon. <u>See, e.g.</u>, <u>Navarette v. Nike, Inc.</u>, 2007 WL 221865, Civ. No. 05-1827-AS, at *4 (D. Or. Jan. 26, 2007) (discussing when damages may be recovered for RIED in Oregon). First, a plaintiff may recover under RIED when accompanied by a physical injury. <u>Drake v. Mut. of Enumclaw Ins. Co.</u>, 167 Or. App. 475, 487, n. 3, 1 P.3d 1065 (2000). Second, "Oregon allows recovery for emotional distress without accompanying physical injury under narrow circumstances, including when a defendant's conduct infringes on a plaintiff's legally protected interest." <u>Rathgeber v. Hemenway, Inc.</u> 335 Or. 404, 414, 69 P.3d 593 (2003).

---

[1] Because I grant defendant's motion to dismiss the RIED claim on insufficiency of the pleading, I do not consider defendant's argument that the claim is barred by Worker's Compensation.

6 - OPINION AND ORDER

Third, a plaintiff may recover under either reckless or negligent infliction of emotional distress in circumstances where there is a duty to protect against psychological harm. See id. 335 Or. at 415, 69 P.3d 593 (discussing duty to protect from emotional harm in malpractice context)(citing Curtis v. MRI Imaging Servs., 327 Or. 9, 14-15, 956 P.2d 960 (1998)); Simons v. Beard, 188 Or. App. 370, 376, 381-82, 72 P.3d 96 (2003); Shin v. Sunriver Preparatory Sch., Inc., 199 Or. App. 352, 368-69, 111 P.3d 762 (2005) (holding that school owed a heightened duty of care to student to protect from negligently inflicted emotional harm).

In the present case, plaintiff alleges harm to the legally protected interest of not being wrongfully terminated. Plaintiff also maintains that Oregon law recognizes a special relationship between employer and employee, warranting a reduced level of intent for a RIED claim.

"[T]he term 'legally protected interest' refers to an independent basis of liability separate from the general duty to avoid foreseeable risk of harm." Phillips v. Lincoln County Sch. Dist., 161 Or. App. 429, 432-33, 984 P.2d 947, 949 (1999). Further, "emotional distress damages cannot arise from infringement of every kind of legally protected interest, but from only those that are 'of sufficient importance as a matter of public policy to merit protection from emotional impact.'" Lockett v. Hill, 182 Or. App. 377, 380, 51 P.3d 5 (2002) (citing Hilt v. Bernstein, 75 Or. App. 502, 515, 707 P.2d 88 (1985)). See also Stevens v. First Interstate Bank of California, 167 Or. App. 280, 292-93, 999 P.2d

7 - OPINION AND ORDER

551 (2000) (Wollheim, J., dissenting) (reviewing types of legally protected interests that have allowed for emotional distress recovery in Oregon). Plaintiff cites no Oregon case holding that wrongful termination is a type of legally protected interest to allow recovery under RIED.

Moreover, Oregon law has explicitly rejected plaintiff's contention that a special relationship exists between an employer and employee sufficient to establish a RIED claim. As defendant correctly notes, the Oregon Supreme Court held in McGanty that an employment relationship does not bear on the level of intent necessary to establish liability for emotional distress. McGanty, 321 Or. at 548. Plaintiff relies on Conway v. Pac. Univ., 129 Or. App. 307, 310, 879 P.2d 201 (1994) for the proposition that an employee may recover against an employer for REID. However, the Oregon Court of Appeals in Conway relied on Bodewig v. K-mart, Inc., 54 Or. App. 480, 635 P.2d 657 (1981) - the reasoning of which was rejected in McGanty. See Navarette v. Nike, Inc., 2007 WL 221865 at *3-4; see also Snead v. Metro. Prop., 909 F. Supp. 775, 779 (D. Or. 1996) (recognizing that Oregon law does not permit a RIED claim in an employment dispute).

Regardless, plaintiff's complaint does not sufficiently allege socially intolerable behavior by defendant to support a RIED claim. Defendant's conduct must be outrageous in the extreme rather than simply rude, tyrannical, churlish or mean. Watte, 112 Or. App. at 239, 828 P.2d 479. As discussed above, plaintiff does not allege conduct by defendant that "extraordinarily transgressed" the bounds

8 - OPINION AND ORDER

of socially acceptable behavior. Therefore, defendant's motion to dismiss plaintiff's claim for reckless infliction of emotional distress is granted.

C. Leave to Amend Complaint

If defendant's motion is granted, plaintiff requests leave to amend his complaint to allege sufficient facts for intentional infliction of emotional distress and reckless infliction of emotional distress.

Under Federal Rule of Civil Procedure 15(a), leave to amend pleading "shall be given freely when justice so requires." The court may consider several factors when considering a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Sweaney v. Ada County, 119 F. 3d 1385, 1392 (9th Cir. 1997).

Although I find no undue delay, bad faith or prejudice, I find amendment futile with respect to plaintiff's RIED claim because plaintiff cites no Oregon authority that permits such a claim in these circumstances. Regarding plaintiff's IIED claim, I cannot determine whether amendment would be futile because plaintiff failed to present a proposed amended complaint or proposed supplemental allegations. Upon further discovery, plaintiff may seek leave to amend his complaint and allege socially intolerable conduct giving rise to an IIED claim.

///

///

///

9 - OPINION AND ORDER

### III. CONCLUSION

For the reasons discussed above, defendant's Motion to Dismiss (doc. 10) is GRANTED. Plaintiff's Sixth and Seventh Claims for Relief are hereby DISMISSED.

IT IS SO ORDERED.

Dated this __30__ day of January, 2008.

_____
Ann Aiken
United States District Judge